U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

⌐L 2 9 2013

CLERK, U.S. DISTRICT COURT
By _____
              Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ALVARADO, 1341986, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-4233-M |
| | ) | |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

### I.  Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division (TDCJ-CID).  He brings this petition for habeas corpus relief pursuant to 28

U.S.C. § 2254.  Respondent is William Stephens, Director of TDCJ-CID.

### II.  Background

On December 8, 2005, Petitioner pled guilty to possession of a controlled substance,

methamphetamine. *State of Texas v. John Alvarado*, No. F-39316 (249th Dist. Ct., Johnson

County, Tex., Dec. 8, 2005).  Petitioner was sentenced to twenty-five years in prison.  He did not

file an appeal.

On December 27, 2007, Petitioner filed his first state habeas petition. *Ex parte Alvarado*,

No. 69,580-01.  On April 9, 2008, the Court of Criminal Appeals denied the petition without

written order on the findings of the trial court.  On May 21, 2012, Petitioner filed a second state habeas petition attacking this conviction.  *Ex parte Alvarado*, No. 69,580-03.  On August 1, 2012, the Court of Criminal Appeals dismissed the petition as successive.

On October 9, 2012, Petitioner filed the instant § 2254 petition.  He argues:

1. He received ineffective assistance of counsel when:

    (A) counsel failed to interview witnesses;

    (B) counsel failed to adequately prepare and present the motion to suppress;

    (C) counsel provided erroneous advice to plead guilty;

2. His conviction was the result of evidence obtained through an unconstitutional search and seizure; and

3. The prosecutor withheld favorable evidence.

## III.  Discussion

### A.     Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

Petitioner was convicted on December 8, 2005. He did not appeal his conviction. His conviction therefore became final thirty days later on January 9, 2006. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until January 9, 2007, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file his first state habeas petition until December 27, 2007. This petition did not toll the limitations period because the AEDPA limitations period had already expired.

Petitioner was required to file his federal habeas petition by January 9, 2007. He did not

---

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

file his petition until October 9, 2012. The petition is therefore untimely.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional

cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable

tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling

applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to

equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because he requested his

trial records from the state court on August 31, 2007 but did not receive the records until October

8, 2007. He also states that the trial records failed to contain a motion for continuance filed by

his counsel. He claims the state court therefore created an impediment to his timely filing his

federal petition. Petitioner's limitations period, however, expired prior to his August 31, 2007,

request for records from the state court. Petitioner has failed to show that he acted diligently in

pursuing his habeas remedies and/or that the state court created an impediment to his timely

filing his petition. Petitioner has failed to show rare and exceptional circumstances justifying

equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with

prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 29 day of July, 2013.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).